# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: ) | |
| ) | |
| Neal David Elinoff ) | Case No. 10-31659-MER |
| SSN: xxx-xx-3372, ) | Chapter 11 |
| ) | |
| Debtor. ) | |

**UNITED STATES TRUSTEE'S OBJECTION TO DEBTOR'S (i) NOTICE OF COMPLETION OF PLAN PAYMENTS AND REQUEST FOR ENTRY OF DFISCHARGE AND (ii) CHAPTER 11 FINAL REPORT AND MOTION FOR FINAL DECREE AND ENTRY OF DISCHARGE**

The United States Trustee ("UST"), through counsel, submits this objection to the Debtor's (i) Notice of Completion of Plan Payments and Request for Entry of Discharge and (ii) Chapter 11 Final Report and Motion for Final Decree and Entry of Discharge, and states as follows:

1. By Order entered March 22, 2013 (the "Confirmation Order"), the Court confirmed the Debtor's Amended Plan of Reorganization dated March 20, 2013 (the "Plan").

2. The Plan contemplated that the Debtor would establish a "General Claims Fund," which would be used to make payments towards administrative claims, allowed priority income tax claims (if any), and Class 13 unsecured claims. *See* Plan at Art. 4.13. The General Claims Fund was to be funded from a "Personal Income Monthly Deposit Amount," from a "Lorenz Building Fund," and from a "Real Property Fund." *See* Plan at Art. I.

3. The Amended Disclosure Statement that accompanied the Plan (Docket No. 169, the "Disclosure Statement") included the Debtor's projections for a five year period for the General Claims Fund, which included projected profit and less data for several real estate projects, as well as projections for the Debtor's personal income and expenses. *See* Disclosure Statement at Exhbit "A."

4. Based on those projections, the Debtor estimated that Class 13 unsecured creditors would receive $118,012.57 to $138,998.77. *See* Disclosure Statement at p. 30.

5. The Confirmation Order contemplated that the Debtor would seek entry of discharge upon completion of plan payments as follows:

> IT IS FURTHER ORDERED THAT upon "substantial consummation" of the Plan as defined in 11 U.S.C. §1101(2) and upon the Debtor's request, the Court will close the Debtor's Bankruptcy Case. Upon completion of all payments under the Plan, the Debtor may file a Notice of Completion fo Plan Payments and Request for Entry of Discharge *accompanied by a detailed accounting of plan payments* and a certificate of service upon all creditors and

> parties - in-interest, and the case will be re-opened pursuant to 11 U.S.C. §350 upon the Debtor's motion. Such notice shall provide that if there is no response within 21 days, a discharge may be entered without further notice under 11 U.S.C. §1141(d)(5)(A).

*See* Confirmation Order at p. 3 (emphasis added); *see also* Plan at Art. 6.8.

6. On June 19, 2018, the Debtor filed a Notice of Completion of Plan Payments and Request for Entry of Discharge (the "Notice"), attached to which is a one-page summary of the total amount paid to each of class of claims that received a distribution under the Plan.

7. Also on June 19, 2018, the Debtor filed his Chapter 11 Final Report and Motion for Final Decree and Entry of Discharge (the "Motion for final Decree"), which provides the same information concerning total amounts paid to each class of creditor that received a distribution.

8. The Notice and Motion for Final Decree provide that the Debtor paid $30,484.35 toward Class 13 unsecured claims, with no other explanation or information as to how that figure was determined.

## Objections

9. The UST objects to both the Notice and the Motion for Final Decree simultaneously as they contain similar information and both request entry of a discharge in favor of the Debtor.

10. Primarily, the UST asserts that the Debtor has not fulfilled his responsibility to provide "*a detailed accounting of plan payments*" to all creditors. As to Class 13 unsecured creditors, the Debtor has simply provided a single number: $30,484.35. That is not an accounting, let alone a *detailed* accounting. While a detailed accounting is important, it is particularly important in this case in which the amount paid to unsecured creditors fell well short of the Debtor's projections.

11. The UST submits that an appropriate accounting would include an accounting of the General Claims Fund, the Debtor's personal income and expenses, and profit and loss information for the various real estate projects over the past five years – all in the same format as the projections that were attached as Exhibit "A" to the Disclosure Statement. That accounting should be served on all creditors as required by the Confirmation Order. With that accounting, creditors could analyze more meaningfully whether the Debtor has fulfilled his responsibilities under the Plan and is entitled to a discharge.

12. The UST objects for the following, additional reasons:

  a. Both the Notice and Motion for Final Decree provide that $8,394 was paid toward "[o]ther non-operating costs of administration." That expense should be explained.

b. The Debtor has not filed a postconfirmation quarterly report for the first quarter of 2018. Also, per the UST's Operating Guidelines and Reporting Requirements, the Debtor should file a preliminary closing Post-Confirmation Quarterly Report, which would cover the period of April 1, 2018, through June 19, 2018, the date of filing the Motion for Final Decree. The Debtor is required to file these reports by, among other things, Article 6.9 of the Plan.

c. The UST currently estimates that the Debtor owes fees of $975 under 28 U.S.C. § 1930(a)(6); however, that figure is simply an estimate because the quarterly report for the first quarter of 2018 has not yet been filed. As required by Article 3.2 of the Plan, the Debtor should timely pay all fees owing under 28 U.S.C. § 1930(a)(6).

WHEREFORE, the UST objects to the Debtor's (i) Notice of Completion of Plan Payments and Request for Entry of Discharge and (ii) Chapter 11 Final Report and Motion for Final Decree and Entry of Discharge for the reasons set forth above and requests such other and further relief as the Court deems appropriate.

Dated: June 6, 2018

PATRICK S. LAYNG
UNITED STATES TRUSTEE

/s/ Alan K. Motes
By: Alan K. Motes, #33997
Trial Attorney for the U.S. Trustee
1961 Stout Street, Suite 12-200
Denver, Colorado 80294
(303) 312-7999 telephone
(303) 312-7259 facsimile
Alan.Motes@usdoj.gov